IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| BAILEY RIDGE PARTNERS, LLC, ) | |
| ) | Bankruptcy No. 17-00033 |
| Debtor. ) | |
| ) | |
| JEROME RUBA, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 17-9024 |
| ) | |
| v. ) | |
| ) | |
| FIRST DAKOTA NATIONAL BANK, ) | |
| BAILEY RIDGE PARTNERS, LLC, ) | |
| ) | |
| Defendants. ) | |

**RULING ON MOTION TO DISMISS AND/OR ABSTAIN FROM PROCEEDING (PERMISSIVE)**

This matter originally came on for telephonic hearing on July 7, 2017. Steve Huff appeared for First Dakota National Bank ("First Dakota"). Jessica Uhlenkamp appeared for Jerome Ruba ("Ruba"). The Court agreed to withhold ruling on this matter pending a potential resolution of this adversary through a plan in the main case. At a January 4, 2018 status conference, the parties requested the Court move forward with a ruling. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## STATEMENT OF THE CASE

First Dakota asks the Court to dismiss this adversary or to abstain from deciding the issues presented in this adversary. First Dakota argues that the parties are currently litigating the same issues in the United States District Court for the District of South Dakota. First Dakota argues that federal court in South Dakota is the proper venue and that permissive abstention is appropriate. Ruba argues that First Dakota has not met its burden to show that permissive abstention is appropriate, and he asks the Court to deny First Dakota's motion and retain this matter for ultimate decision on the merits.

## BACKGROUND

On January 13, 2016, First Dakota sued Ruba in the United States District Court for the District of South Dakota. First Dakota alleged that Ruba owed $431,699.83 on a promissory note. In response, Ruba filed an answer, counterclaim, and third party complaint against Bailey Ridge Partners, LLC ("Bailey Ridge"), the debtor in this case, and several of its members. In those papers, Ruba argued that he took out the loan from First Dakota entirely for the benefit of Bailey Ridge. He argued that he was entitled to indemnification or a finding that Bailey Ridge was the real party in interest in the South Dakota lawsuit. The United States District Court in South Dakota granted Ruba summary judgment in part on these issues. The Court awarded him a judgment against Bailey Ridge

for $664,581.30 plus interest, totaling $851,271.59.  The Court did not hold that Bailey Ridge was the real-party-in-interest and allowed the First Dakota suit against Ruba to proceed.

On January 11, 2017, Bailey Ridge filed this bankruptcy case.  The bankruptcy filing stayed the litigation in South Dakota as to Bailey Ridge.  Ruba asked this Court to stay the litigation as to him as well.  First Dakota resisted.  On May 16, 2017, this Court stayed the South Dakota litigation against Mr. Ruba.  In re Bailey Ridge Partners, LLC, 571 B.R. 430, 440–41 (Bankr. N.D. Iowa 2017).

On May 1, 2017, Ruba filed this adversary.  Ruba argues that he took out the loan for Bailey Ridge's benefit, that the contract between him and First Dakota is void, and that Bailey Ridge must indemnify him on his debt to First Dakota. Effectively, Ruba asks the Court to determine the issues set out in his answer, counterclaim, and third party complaint in the South Dakota litigation.

First Dakota immediately filed this Motion to Dismiss and/or Abstain from deciding the adversary proceeding.  First Dakota argues that these issues have already been presented and substantially litigated in federal court in South Dakota. First Dakota argues that the litigation between Ruba and First Dakota is separable from Bailey Ridge's liability.  First Dakota concludes that federal court in South Dakota—where these issues were originally raised—is the proper venue.

3

Ruba argues that the Court should deny the motion because these issues remain linked to Bailey Ridge's bankruptcy. Ruba argues that jurisdiction and venue are proper in this Court because Bailey Ridge owes the debt—not him. Ruba concludes that the adversary should proceed and allow this Court to make findings about the financial relationship between Bailey Ridge, Ruba, and First Dakota.

## CONCLUSIONS OF LAW AND ANALYSIS

First Dakota asks the Court to exercise its permissive power to abstain from deciding the adversary allowing it to proceed in federal court in South Dakota. The following section provides the authority for abstention:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). "Discretionary abstention may be applied to either core proceedings or related proceedings." Loos v. Koperski (In re Koperski), 540 B.R. 394, 401 (Bankr. D. Minn. 2015). "This Court has broad discretion in deciding permissive abstention issues." City of Sioux City v. Civic Partners Sioux City, LLC (In re Civic Partners Sioux City, LLC), Bankr. No. 11-00829, Adv. No. 11-9045, 2012 WL 761361, at *13 (Bankr. N.D. Iowa Mar. 8, 2012).

The Bankruptcy Appellate Panel for the Eighth Circuit has said:

4

Because the statute provides only general standards for determining whether abstention is appropriate, i.e., "in the interest of justice, or . . . comity," courts have been guided by "well developed notions of judicial abstention," which include the premise that federal courts should exercise their jurisdiction if it is properly conferred and that abstention is the exception rather than the rule. Additionally, courts have developed a number of factors that may be considered in determining whether abstention is appropriate. These include:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficult or unsettled nature of the applicable law,

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7) the substance rather than the form of an asserted 'core' proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden [on] the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties,

(11) the existence of a right to a jury trial, and

(12) the presence in the proceeding of nondebtor parties.

Williams v. Citifinancial Mortg. Co. (In re Williams), 256 B.R. 885, 893–94 (B.A.P. 8th Cir. 2001) (footnote omitted). "Courts should apply these factors flexibly as their relevance and importance will vary depending on the specific facts of each case and no one factor is determinative." Kesar Enters. Inc. v. State Bank of Tex. (In re Kesar Enters., Inc.), 330 B.R. 756, 761 (Bankr. W.D. Mo. 2005). In general, "Where a state court proceeding sounds in state law and bears a limited connection to [a] debtor's bankruptcy case, abstention is particularly compelling." In re Koperski, 540 B.R. at 402 (quoting Nat'l Union Fire Ins. Co. v. Titan Energy (In re Titan Energy, Inc.), 837 F.2d 325, 332 (8th Cir. 1988)).

Here, Ruba's causes of actions are all based in state law and resolution of these issues is not central to the administration of this bankruptcy or Bailey Ridge's effort to reorganize. In particular, the Court relies on the following factors in exercising its discretion to abstain: (1) the lack of effect on the efficient administration of the estate; (2) the fact that state law issues predominate over bankruptcy issues; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (10) the likelihood that the

commencement of the proceeding involves forum shopping by one of the parties; and (12) the presence in the proceeding of nondebtor parties.

The factor that weighs most heavily in favor of abstention is the presence of a related proceeding commenced in another nonbankruptcy court. The South Dakota litigation is not simply "related"—it is essentially the same litigation that Ruba now seeks to pursue here. Although Ruba is correct that this adversary would allow this Court to decide claims against Bailey Ridge (the bankruptcy debtor), Ruba has not explained why this Court should decide these state law claims instead of the United States District Court in South Dakota. This is especially important given that First Dakota originally brought the claims there, that is where the parties have litigated some issues, and others issues remain pending. The parties have completed substantial discovery and the United States District Court in South Dakota has already ruled on part of Ruba's claims.

Ruba asked the Court to stay the South Dakota litigation and the Court did so after an evidentiary hearing and finding that a judgment against Ruba could lead to harm to the bankruptcy estate and prospects of reorganization. Ruba does not seek to continue the pending case but instead to restart that litigation entirely in this Court. This Court disagrees with this approach and concludes that the remaining claims should proceed in South Dakota, where they were first raised and are still pending.

## CONCLUSION

**WHEREFORE**, First Dakota's Motion to Abstain from Proceeding (Permissive) is GRANTED.

**FURTHER**, this adversary is DISMISSED.

Dated and Entered: February 15, 2018

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE